CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
July 07, 2025
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT STEPHON SHERMAN, Plaintiff, | ) ) ) Case No. 7:25-cv-00424 |
| v. | ) ) ) By: Michael F. Urbanski |
| LEIGH ANN SPARKS, et al., Defendants. | ) Senior United States District Judge ) ) |

## MEMORANDUM OPINION

Robert Stephon Sherman, an inmate proceeding pro se, filed this civil action under 42 U.S.C. § 1983 against three correctional officials at the Western Virginia Regional Jail: Leigh Ann Sparks, Sergeant Gillispie, and Sergeant Fadoric. The case is now before the court for review under 28 U.S.C. § 1915A(a). Having reviewed the complaint, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.  Background

Sherman alleges that defendant Sparks told him that he could not participate in an unidentified rehabilitation program "due to security issues," even though the program was "court ordered." Compl., ECF No. 1, at 5. When Sherman attempted to request assistance from correctional supervisors, defendant Gillispie refused to forward his request on the basis that "it was not [an] important matter to bother them with." Id. Defendant Fadoric then refused to file an informal complaint on the basis that "it was not a grievable matter." Id.

Based on these allegations, Sherman filed suit against the defendants under 42 U.S.C. § 1983. In his request for relief, Sherman indicates that he wants to "participate in non court order and court ordered programs." Id. at 7 (quoted as written).

## II. Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or agent. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

Complaints filed by pro se litigants must be construed liberally. King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of pro se complaints are not, however, without limits." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). A pro se complaint "still must contain enough facts to state a claim for relief that is plausible on its face." Thomas v. Salvation Army S. Terrace, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

## III. Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The statute "is not an independent source of substantive rights, but simply a vehicle for vindicating preexisting constitutional and statutory rights." Safar v. Tingle, 859 F.3d 241, 245 (4th Cir. 2017). "To state a claim under § 1983, a plaintiff must allege the

2

violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Having reviewed the complaint, the court concludes that it fails to state a claim under § 1983. First, it is well settled that "inmates have no constitutional right to rehabilitation or educational programs." Garrett v. Angelone, 940 F. Supp. 933, 942 (W.D. Va. 1996), aff'd, 107 F.3d 865 (4th Cir. 1997) (citing Rhodes v. Chapman, 452 U.S. 337, 348 (1981)); see also Abraham v. Del. Dep't of Corr., 331 F. App'x 929, 931 (3d Cir. 2009) ("Prisoners have no constitutional right to drug treatment or other rehabilitation."); Paige v. Okla. Dep't of Corr., 248 F. App'x 35, 36 (10th Cir. 2007) (affirming the dismissal of the plaintiff's claim under § 1983 that the failure to provide sexual offender therapy violated the terms of his sentence since "it is a settled matter that convicted prisoners do not have a constitutional right to rehabilitation"); Argue v. Hofmeyer, 80 F. App'x 427, 429 (6th Cir. 2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs.") (citing Rhodes, 452 U.S. at 348). Thus, the mere fact that Sherman was denied access to a rehabilitation program is not actionable under § 1983.

Second, it is "clear" from existing precedent that "inmates have no constitutional entitlement or due process interest in access to a grievance procedure." Booker v. S.C. Dep't of Corr., 855 F.3d 533, 541 (4th Cir. 2017). "An inmate thus cannot bring a § 1983 claim alleging denial of a specific grievance process." Id. Accordingly, the refusal to forward or file Sherman's internal grievance or request forms is not actionable under § 1983.

## IV.  Conclusion

For the reasons stated, the complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. An appropriate order will be entered.

Entered: July 2, 2025

Michael F. Urbanski
U.S. District Judge
2025.07.02
17:38:01 -04'00'

Michael F. Urbanski
Senior United States District Judge